# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2639 | **DATE** | 6-1-2011 |
| **CASE TITLE** | Darell Wayne Bolden (#2009-0063329) v. Dr. Kevin Sims | | |

**DOCKET ENTRY TEXT:**

Plaintiff Darell Wayne Bolden's motion for leave to proceed *in forma pauperis* [4] is granted. The court authorizes and orders the trust fund officer at Bolden's place of confinement to deduct $1.00 from his account, and to continue making deductions in accordance with this order. The Clerk shall issue summons for Dr. Kevin Sims. The Marshal is appointed to serve Defendant Sims. Defendant Cermak Patient Care Services is dismissed as a defendant. Plaintiff's motion for the appointment of counsel [5] is denied without prejudice. The Clerk shall send to Plaintiff a magistrate judge consent form and filing instructions, along with a copy of this order.

■ [**For further details see text below.**]  Docketing to mail notices.

# STATEMENT

Plaintiff Darell Wayne Bolden, an inmate at Cook County Jail, filed this 42 U.S.C. § 1983 action against Dr. Kevin Simms and Cermak Patient Care Services. Bolden alleges that he has not received his prescribed medications at Cook County Jail for various conditions (high blood pressure, a bowel condition, and a skin condition), and seeks both injunctive and monetary relief. Bolden filed an application to proceed *in forma pauperis* in accordance with the Court's 5/11/2011 order.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Bolden is assessed an initial partial filing fee of $1.00. The trust fund officer at Bolden's place of confinement is authorized and ordered to collect, when funds exist, the $1.00 partial filing fee from Bolden's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer shall collect monthly payments from Bolden's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn Street, Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor, and shall clearly identify Bolden's name and the case number of this action. Bolden shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Bolden is transferred to another facility.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

      Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that Bolden may proceed against Dr. Kevin Sims. Bolden's allegations that he has not received medications for various conditions, including high blood pressure, a skin condition, and a bowel condition, sufficiently state a claim of deliberate indifference to a serious medical need. Cermak Patient Care Services, however, is not a suable party or proper defendant, and thus is dismissed. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). The Clerk shall issue summons for service of the complaint on Dr. Kevin Sims.

      The United States Marshals Service is appointed to serve Dr. Kevin Sims. The Marshal shall send Bolden any service forms that Bolden must complete to effectuate service. The Marshal is directed to make all reasonable efforts to serve Defendant Sims. If Defendant Sims can no longer be found at the work address provided by Bolden, Cook County Jail or Cermak officials shall furnish the Marshal with Sims's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, and shall not be disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant Sims in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

      Bolden is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Bolden must provide the court with the original plus a complete judge's copy, including exhibits, of every document filed. In addition, Bolden must send an exact copy of any court filing to Defendant Sims, or to his counsel if one has entered an appearance. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Bolden.

      Bolden's motion for the appointment of counsel is denied without prejudice. Bolden does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case presently does not involve complex discovery or an evidentiary hearing, and Bolden's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).